**NOT FOR PUBLICATION**                                            **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PORTHAULT NA LLC, | Civil Action No.: 09-4431 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| CADEAU EXPRESS INC., | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court on Defendant Cadeau Express Inc.'s ("Cadeau") motion to dismiss Plaintiff Porthault NA LLC's ("Porthault") Complaint pursuant to Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and for improper venue. Cadeau moves in the alternative to transfer the case pursuant to 28 U.S.C. § 1404(a). This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Cadeau's alternative motion is granted, and this case is transferred to the District of Nevada pursuant to 28 U.S.C. § 1406(a).

## I.     BACKGROUND

Porthault originally filed its Complaint against Cadeau in New Jersey state court on August 11, 2009, alleging breach of contract and unfair competition claims. On August 27, 2009, Cadeau removed the state action to this Court. On September 14, 2009, it filed the present

motion to dismiss.

Porthault is a Delaware limited liability company.  Porthault's Complaint states that its principal offices are in Secaucus, New Jersey.  (Compl. ¶ 3.)  However, in a declaration included with its oppositon papers, Porthault provides that it "was headquartered in Secaucus, New Jersey from July 2007 through May 2009."  (Decl. of Cynthia Puccio in Opp'n to Mot. to Dismiss [hereinafter "Puccio Decl."] ¶ 2.)  Thus, it was no longer headquartered in New Jersey when it filed this action in August 2009.  It is undisputed that Cadeau "is a Nevada corporation with its principal place of business in Las Vegas, Nevada."  (Compl. ¶ 4.)

This action arises out of an agreement to purchase robes from Porthault by Cadeau.  The robe purchase orders were for hospitality grade merchandise, a lower quality than the retail merchandise also sold by Porthault.  Porthault alleges that Cadeau breached the purchase agreements and engaged in unfair competition by allegedly dumping the hospitality merchandise on the retail market.  Porthault asserts that Cadeau's alleged dumping damaged its reputation and goodwill.

In the Puccio Declaration included with Porthault's opposition, Ms. Puccio states: "Davide Fanelli, Porthault's former Executive Vice President, is a key witness who will be required to present evidence on behalf of Porthault."  (Puccio Decl. ¶ 19.)  She further asserts that "Mr. Fanelli negotiated the majority of [the] arrangement with [Cadeau] and is the author of much of the relevant correspondence related to the dispute."  (Id. at ¶ 20.)  She continues that "[b]ecause much of the evidence arises from oral communications, Mr. Fanelli must provide the Court with this evidence."  (Id.)  Attached to Cadeau's reply in support of its motion is a declaration from Mr. Fanelli.  He states:

4.  As an Executive Vice President of Porthault, I oversaw Porthault's business relationships with . . . Cadeau, and was personally involved on behalf of Porthault in the discussions, meetings, negotiations and agreements with Cadeau. Specifically, I negotiated the terms of the agreements underlying Porthault's complaint against Cadeau . . . ."

5.  As an initial matter, it was Porthault that approached and solicited Cadeau, known to me as a business based in Las Vegas Nevada, to enter into a business relationship. . . . Specifically, in February 2008, I flew to Las Vegas, on behalf of Porthault, to meet with Roman DeSage, Cadeau's CEO, to discuss the possibility of Porthault supplying Cadeau with robes and throws from Hospitality Line.

6.  In an effort to develop this relationship for Porthault, I reached out to Cadeau through email and telephone.  I also took subsequent trips to Las Vegas to meet in person with Mr. DeSage and other representatives of Cadeau on behalf of Porthault. . . .

7.  At no time did any Cadeau representative or agent visit Porthault in New Jersey.  All business transactions were initiated by Porthault's solicitations to Cadeau in Las Vegas Nevada.

(Reply Cert. of Keith D. McDonald, Ex. A., Dec. of Davide Fanelli, ¶¶ 4-7.)

Cadeau presently moves to dismiss Porthault's Complaint arguing that there is no personal jurisdiction over it in New Jersey and that venue in New Jersey is improper.  In the alternative, it argues that the case should be transferred to the District of Nevada.

## II.   PERSONAL JURISDICTION

The Federal Rules of Civil Procedure states that a defendant may move to dismiss a complaint for "lack of personal jurisdiction."  Fed. R. Civ. P. 12(b)(2).  Once a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  Provident Nat'l. Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987); see also Mellon Bank (East) PSFS, Nat'l Assn. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) ("[T]he plaintiff [must] come forward with sufficient facts to establish that jurisdiction is proper.").  "[A] district court may assert personal jurisdiction over non-resident defendants [only]

to the extent permissible under the law of the state where the district court sits." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (internal quotations omitted).  New Jersey's long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant to the extent that is constitutionally permissible.  De James v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981).  "Due process requires that the defendant have 'minimum contacts' in the forum state, and that the exercise of jurisdiction comport with 'traditional notions of fair play and substantial justice.'" Remick, 238 F.3d at 255 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Minimum contacts exists where a defendant has by some act "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. (quoting Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of Cal., 480 U.S. 102, 109 (1987)).

Personal jurisdiction over a defendant may be either "general" or "specific."  General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum state.  Id.  Porthault asserts that Cadeau "routinely transacts and does business in the State of New Jersey" (see Compl. ¶ 1), but provides no facts in its Complaint or opposition supporting this statement[1].  Instead, it requests that it be permitted jurisdictional discovery which it asserts may reveal regular contact by Cadeau with New Jersey.  Thus, it is clear that Porthault's current complaint does not support a finding that general jurisdiction over Cadeau exists.  This Court also finds that Porthault has not alleged sufficient facts to justify jurisdictional discovery–it

---

[1]Porthault provides a complaint from a lawsuit filed against Cadeau in New Jersey in 2002 alleging similar claims as those brought here.  Porthault states that Cadeau did not contest jurisdiction in that case.  But, there are many reasons, including different facts, that could explain why Cadeau chose not to contest jurisdiction in that case.  In any case, at most this points to one other instance over seven years ago that Cadeau purchased products from New Jersey.

basically offers only a broad unsupported allegation of regular business in New Jersey–especially in light of the fact that, as discussed below, this Court is not dismissing the Complaint.

On the other hand, "specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." Remick, 238 F.3d at 255. For specific jurisdiction to exist, a defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Determining whether specific jurisdiction exists is claim specific; "a conclusion that the District Court has personal jurisdiction over one of the defendants as to a particular claim asserted by [a plaintiff] does not necessarily mean that it has personal jurisdiction over that same defendant as to [the plaintiff's] other claims." Remick, 238 F.3d at 255. Here, Porthault brings two claims against Cadeau: unfair competition and breach of contract.

**A.    Unfair Competition Claim**

With respect to its unfair competition claim, Porthault asserts: "Upon information and belief, Cadeau resold or 'dumped' the Hospitality Merchandise into a market outside of its intended area of commerce, thus putting the Hospitality Merchandise into competition with Porthault's high-end Retail Merchandise." (Compl. ¶ 21.) Porthault alleges that this dumping damaged its reputation and goodwill in New Jersey. But, for unfair competition claims, "the wrong takes place where the passing off occurs." Ceramica Falcinelli, S.p.A. v. Am. Marazzi Tile, Inc., No. 99-1223, 1999 U.S. Dist. LEXIS 15526, at *12 (D.N.J. Sept. 29, 1999) (citing Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994)). Porthault has not

made any allegations that the robes which were shipped to Cadeau in Nevada were "dumped" in the New Jersey market.  Thus, Porthault has not met its burden of establishing appropriate contacts with New Jersey for specific jurisdiction to exist for this claim.

### B.   Breach of Contract Claim

With respect to its breach of contract claim, Porthault asserts: "Even if Cadeau was not physically in New Jersey, its New Jersey-directed efforts to buy famous New Jersey goods, its Purchase Orders representing its intention to benefit from a New Jersey based manufacturer and its email correspondence between the parties, establish Porthault's prima facie case of specific jurisdiction [in New Jersey]."  (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss or Transfer Venue [hereinafter "Pl.'s Opp'n"], at 5.)  Contrary to this statement, Mr. Fanelli, who Porthault asserts must provide much of the evidence in this case, asserts that it was Porthault who reached out to Cadeau in Nevada, not the other way around.

Cadeau is a non-New Jersey resident purchaser of a product, who purchased some robes pursuant to a couple of purchase orders, not a long term contract.  Purchasing products alone "does not establish sufficient minimum contacts to permit the exercise of personal jurisdiction over [a] nonresident purchaser."  Merco, Inc. v. S. Cal. Edison Co., No. 06-5182, 2007 U.S. Dist. LEXIS 29996, at *12 (D.N.J. Apr. 24, 2007) (citing Lakeside Bridge & Steel Co. v. Mt. State Constr. Co., Inc., 597 F.2d 596, 603 (7th Cir. 1979)).  Additionally, "[t]he fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident."  Mellon Bank, 960 F.2d at 1223.   For minimum contacts to exist, there must be something more.  For example, rather than being merely a "passive purchaser," minimum contacts may exist where a "buyer vigorously negotiates, perhaps dictates

the contract terms, inspects production facilities, and otherwise departs from the passive buyer

role."  Cole v. McGuire Bros. Constr., Inc., No. 05-678, 2005 U.S. Dist. LEXIS 28149, at *12

(D.N.J. Nov. 14, 2005) (internal quotations omitted); see also Mellon Bank, 960 F.2d at 1223

("The requisite contacts, however, may be supplied by the terms of the agreement, the place and

character of prior negotiations, contemplated future consequences, or the course of dealings

between the parties.").  Here, as noted above, Mr. Fanelli clearly indicated that it was Porthault

who reached out to Cadeau in Nevada in person and through communications, and that Cadeau

did not visit New Jersey.  The activity was directed from not to New Jersey.  Therefore, this

Court also finds that specific jurisdiction does not exist in New Jersey for this claim.

## III.    VENUE

Cadeau argues that because this Court cannot maintain in personam jurisdiction over it,

venue is likewise improper in this District.

> A civil action wherein jurisdiction is founded only on diversity of citizenship may,
> except as otherwise provided by law, be brought only in (1) a judicial district where
> any defendant resides, if all defendants reside in the same State, (2) a judicial district
> in which a substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the action is situated,
> or (3) a judicial district in which any defendant is subject to personal jurisdiction at
> the time the action is commenced, if there is no district in which the action may
> otherwise be brought.

28 U.S.C. § 1391(a).  Corporate defendants "shall be deemed to reside in any judicial district in

which [they] are subject to personal jurisdiction at the time the action is commenced." Id. at §

1391©.

For the reasons stated above, this Court cannot exercise personal jurisdiction over

Defendants and, consequently, venue does not appropriately lie in this District under (1) or (3) of

§ 1391(a).  Additionally, as discussed above, no facts have been alleged that a substantial part of

the events related to the unfair competition claim took place in New Jersey–no goods have been alleged to have been dumped on the New Jersey market.  Also, although some activity related to the breach of contact claim took place in New Jersey, the facts, as alleged by Porthault and as stated by Mr. Fanelli, do not support a finding that a substantial part of the events took place in New Jersey.  On the contrary, Mr. Fanelli specifically states that almost all of the relevant activity was directed by Porthault towards Cadeau in Nevada.  Therefore, venue for either claim also is not proper in New Jersey.

## IV.    TRANSFER

Cadeau has moved, in the alternative to its motion to dismiss, to transfer venue to the District of Nevada pursuant to 28 U.S.C. § 1404(a).  "In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).  The former applies to transfer of a case in which the original and transferee forum are both proper while the latter applies to situations in which the original forum is improper. Id.  Because the Court determined above that venue is improper in this forum, § 1406 governs Cadeau's transfer motion.

28 U.S.C. § 1406(a) provides: "The district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Thus, as this Court has found that venue in New Jersey is improper, it must dismiss Porthault's Complaint unless it finds that transfer is in the interest of justice.  A district court has discretion over the decision whether to dismiss or transfer an action.  See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).  Unlike a decision to transfer pursuant to section 1404, a district court reviewing a section 1406

motion to transfer need not balance the public and private interests, it "must simply determine if there is a venue where the action originally 'could have been brought' that serves the interest of justice." <u>Gottlieb v. U.S.</u>, No. 05-3803, 2006 U.S. Dist. LEXIS 64249, at *6 (D.N.J. Sept. 8, 2006). "An action 'could have been brought' in another district, if venue is proper in the transferee district, and the transferee district can exercise personal jurisdiction over the defendant." <u>Id.</u> at *7. "[G]enerally transfer is favored over dismissal." <u>Id.</u> at *8; <u>see also</u> <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 467 (1962) ("Congress, by enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'") (alteration in original).[2]

This Court finds that transfer of this action to the District of Nevada is appropriate. This action could have been brought in the District of Nevada. Cadeau maintains its principal place of business in Las Vegas, Nevada, and Porthault could have originally filed the Complaint in Nevada as a substantial portion of the events giving rise to the decisions and actions at issue occurred there. Additionally, all of Cadeau's documents and records regarding its sales activity are located in the Cadeau corporate office located in Nevada. All of its witnesses are also located in Nevada; also, Porthault's witnesses appear to no longer be located in New Jersey as it has moved its headquarters out of New Jersey. And, as Mr. Fanelli stated, most of the sales

---

[2]The Court notes that even had it found that specific jurisdiction exists with regard to Porthault's breach of contract claim, the Complaint is devoid of any support for exercising specific jurisdiction with respect to the unfair competition claim. Thus, because all claims are able to be tried together in Nevada and for the other reasons discussed in this section, transfer would have been warranted regardless of the outcome of the personal jurisdiction question regarding the breach of contract claim.

solicitations and negotiations took place in Nevada.  Thus, as there is no indication that Porthault

filed the action in the District of New Jersey with questionable purpose or motive, transfer, not

dismissal, is more appropriate to expedite the resolution of Porthault's claims without

unnecessary delays due to refiling the action in Nevada.

**V.**      **CONCLUSION**

For the reasons discussed above, Cadeau's alternative motion to transfer this action is

granted.  The case is transferred to the District of Nevada pursuant to 28 U.S.C. § 1406(a).  An

appropriate Order accompanies this Opinion.


DATED: December 2, 2009                           /s/ Jose L. Linares
                                                  JOSE L. LINARES
                                                  UNITED STATES DISTRICT JUDGE